## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Juul Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Flair Vapor, LLC, <br><br> Shenzhen Joecig Technology Co., Ltd. <br><br> Defendants. | Case No. <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against Flair Vapor, LLC ("Flair") and Shenzhen Joecig Technology Co., Ltd. ("Joecig") (collectively "Defendants") and alleges as follows:

## NATURE OF THIS ACTION

1. This is a civil action arising out of Defendants' patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

## PARTIES

2. Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

3. Flair is a New Jersey limited liability corporation with its principal place of business in New Jersey, at 2500 Hamilton, Blvd., Suite B, South Plainfield, NJ 07080.

4. Joecig is a Chinese corporation with its principal place of business at 1F-5F, Building 17, Quarter G ShaJing Rd., Gonghe 3rd Industry District Baoan District Shenzhen City, Guangdong Province China 518104.

1

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Flair at least because Flair Vapor is incorporated in this District, and has purposefully distributed the accused Flair Xtreme devices and pods within New Jersey, made those products available for sale through an established distribution chain, including on Flair's website (www.flairvapor.com). Juul's cause of action for patent infringement arises out of these activities. See Ex. 1 [print out of flairvapor website]; Ex. 2 [shipping information from flairvapor website]; Ex. 3 [receipt of Flair Xtreme device].

7. This Court has personal jurisdiction over Joecig at least because, on information and belief, Joecig has purposefully imported the accused Flair Xtreme devices and pods into New Jersey, made those products available for sale through an established distribution chain, including on Flair's website (www. flairvapor.com), and Juul's cause of action for patent infringement arises out of these activities. See Ex. 1 [print out of flairvapor website]; Ex. 2 [shipping information from flairvapor website]; Ex. 3 [receipt of Flair Xtreme device].

8. Venue is proper for Flair in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because Flair is a resident and corporate citizen of this District, and because Flair has committed acts of infringement in this District. Venue is also proper for Joecig in this District under 28 U.S.C. § 1391(b)(3) at least because no other venue is proper and this Court has personal jurisdiction over Joecig. *Atlantic Marine Construction Co. v. United States District Court for the W.D. of Texas*, 571 U.S. 49, 57 (2013) ("The statute thereby ensures that so long as a federal court has personal jurisdiction over the defendant, venue will always lie somewhere.").

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,070,669**

9. Juul re-alleges and incorporates by reference Paragraphs 1-8 above, as if fully set forth herein.

10. On September 11, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,070,669, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '669 patent issued from U.S. Application No. 15/820,370, filed November 21, 2017. There are no fees currently due with respect to the '669 patent.

11. The '669 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '669 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '669 patent is valid and enforceable. A true and correct copy of the '669 patent is attached as Exhibit 4.

12. Juul virtually marks its products with the appropriate patent numbers, including the '669 patent.

13. On information and belief, Flair and Joecig manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Flair Xtreme devices and pods that infringe the '669 patent under 35 U.S.C. § 271(a). For example, the Flair Xtreme devices and pods infringe claims 1, 2, 4, 5, 7-9, 12, 13, 16, 17, 20, and 21 of the '669 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Flair Xtreme devices and pods is attached as Exhibit 5.

14. By their actions, Flair's and Joecig's infringement of the '669 patent has irreparably harmed Juul. Unless Flair's and Joecig's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

15. By their actions, Flair's and Joecig's infringement of the '669 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Flair's and Joecig's infringing acts.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,076,139

16. Juul re-alleges and incorporates by reference Paragraphs 1-15 above, as if fully set forth herein.

17. On September 18, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,076,139, entitled "Vaporizer Apparatus," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '139 patent issued from U.S. Application No. 15/257,760, filed September 6, 2016. There are no fees currently due with respect to the '139 patent.

18. The '139 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '139 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '139 patent is valid and enforceable. A true and correct copy of the '139 patent is attached as Exhibit 6.

19. Juul virtually marks its products with the appropriate patent numbers, including the '139 patent.

20. On information and belief, Flair and Joecig manufacture, use, import, distribute, offer to sell, and/or sell in the United States the Flair Xtreme devices and pods that infringe the '139 patent under 35 U.S.C. § 271(a). For example, the Flair Xtreme devices and pods infringe claims 1-4, 9-11, 13, 14, 19-21, 24, 28, and 29 of the '139 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the Flair Xtreme devices and pods is attached as Exhibit 7.

21. By their actions, Flair's and Joecig's infringement of the '139 patent has irreparably harmed Juul. Unless Flair's and Joecig's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

22. By their actions, Flair's and Joecig's infringement of the '139 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Flair's and Joecig's infringing acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Flair and Joecig as follows:

A. That Flair, Joecig, and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with Flair and Joecig and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

B. A judgment by the Court that Flair and Joecig have infringed U.S. Patent Nos. 10,070,669 and 10,076,139;

C. An award of damages for infringement of U.S. Patent Nos. 10,070,669 and 10,076,139 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Flair's and Joecig's infringement, as provided by 35 U.S.C. § 284;

D. A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

F. For costs of suit; and

G. For such other or further relief as the Court deems just and proper.

## **JURY DEMAND**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of any issues triable of right by a jury.

| | |
|---|---|
| Dated: October 3, 2018 | By: /s/ *Lisa J. Rodriguez* <br> Lisa J. Rodriguez <br> SCHNADER HARRISON SEGAL & LEWIS LLP <br> Woodland Falls Corporate Park <br> 220 Lake Drive East Suite 200 <br> Cherry Hill, NJ 08002 <br> (856) 482-5741 <br> lrodriguez@schnader.com <br> <br> *Attorneys for Plaintiff Juul Labs, Inc.* |
| *Of Counsel:* <br> <br> Daniel E. Yonan <br> Michael E. Joffre <br> Nirav N. Desai <br> STERNE, KESSLER, GOLDSTEIN & FOX PLLC <br> 1100 New York Avenue, NW <br> Washington, DC 20005 <br> (202) 371-2600 <br> (202) 371-2540 (fax) <br> dyonan@sternekessler.com <br> mjoffre@sternekessler.com <br> ndesai@sternekessler.com | |